```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

James H. Townsend,              :

        Plaintiff,       : Case No. 2:10-cv-868

   v.                           :

Wilma L. Townsend, et al.,      : JUDGE SARGUS

        Defendants.      :

<u>REPORT AND RECOMMENDATION</u>

On September 24, 2010, plaintiff James H. Townsend, filed a complaint and a request for leave to proceed *in forma pauperis*. His affidavit reveals that he is unable to afford the filing fee for a civil action. The Court must now screen his complaint under 28 U.S.C. §1915(e) before determining whether to order the Marshal to serve the complaint. For the following reasons, it will be recommended that this case be dismissed.

I.

28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. <u>See</u> <u>id</u>. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, <u>see</u> <u>id</u>. at 327-28, and "claims describing

fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992).  A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U. S. 544, 570 (2007).  *Pro se* complaints are to be construed liberally in favor of the *pro se* party. Haines v. Kerner, 404 U.S. 519 (1972).  The complaint will be evaluated under these standards.

II.

The complaint alleges the following.  Mr. Townsend and defendant Wilma L. Townsend entered into an agreement to buy, sell, and manage real estate.  Under the terms of the agreement, entered into by the Townsends prior to August 30, 2005, Mr. Townsend owned a 30 percent share of the business and Ms. Townsend owned a 70 percent share, reflected in shares of stock. The Townsends, presumably in connection with this agreement, were represented by defendant Geoffrey P. Scott, a local attorney.  In 2005, Mr. Scott, while employed by the law firm of defendant Blaugrund, Herbert & Martin, Inc., breached his fiduciary duty by preparing an operating agreement and filing legal instruments which were not approved by Mr. Townsend.  As a result of this conduct, Mr. Townsend has been deprived of his minority interest. Further, Mr. Scott, while employed by the law firm of defendant Zaino and Humphrey, filed documents and appeared in a court proceeding which continued to deprive Mr. Townsend of his rights.

Based on these allegations, Mr. Townsend is asserting a claim under 42 U.S.C. §1983 for a violation of his due process rights.  Mr. Townsend is also asserting various state law claims including claims for malpractice, fraud, and breach of contract.

III.

-2-

Turning first to Mr. Townsend's due process claim under Section 1983, that statute prohibits a state or local governmental official from depriving a person of his or her constitutional rights. In order to state a claim for relief under §1983, the defendant or defendants must be governmental officials or must otherwise have engaged in "state action," and a complaint must be filed in the federal court not later than two years after the events about which the plaintiff complains. See Flagg Bros. v. Brooks, 436 U.S. 149, 155 (1978); Browning v. Pendleton, 869 F.2d 989 (6th Cir. 1989).

Mr. Townsend has named as defendants Ms. Townsend, also known as Wilma Lee Thomas, WLT, Inc., Mr. Scott, John W. Herbert of Blaugrund, Herbert & Martin, Inc., and the Blaugrund and Zaino law firms. The complaint does not contain any allegations from which the Court could conclude that any of these defendants are state or local governmental officials. In fact, the only defendant discussed with any specificity in the body of the complaint is Mr. Scott. However, all of the allegations relating to Mr. Scott pertain to his conduct as an attorney in private practice. Private attorneys are not generally considered to be state actors. See, e.g., Border City Savings & Loan Association v. Kennecorp Mortgage and Equities, Inc., 523 F.Supp. 190, 193 (S.D. Ohio 1981). Further, to the extent that the acts alleged in the complaint took place in 2005, or well before 2008, any complaint about them would be time-barred.

With respect to Mr. Townsend's state law claims, this Court has supplemental jurisdiction over all state law claims arising out of a "common nucleus of fact" under 28 U.S.C. §1367(a). United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). A federal court, however, has the power to exercise discretion in hearing pendent state law matters. 28 U.S.C. §1367(c). Specifically, if a plaintiff's federal claims are dismissed

before trial, then any state law claims brought by the plaintiff are also appropriately dismissed. Id.; Gibbs, 282 U.S. at 726-27; Musson Theatrical, Inc v. Federal Express Corp., 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed").

If this Report and Recommendation is adopted by the District Court, Mr. Townsend's federal claim will be dismissed. Because there is no substantial interest in judicial economy that would be served by deciding Mr. Townsend's state law claims, the Court should decline to exercise supplemental jurisdiction in this case.

IV.

For the above reasons, it is recommended that Mr. Townsend's §1983 claim be dismissed pursuant to 28 U.S.C. §1915(e)(2) for failure to state a claim upon which relief can be granted. The Court further recommends that Mr. Townsend's state law claims be dismissed without prejudice. Should this recommendation be adopted, a copy of the complaint, the Report and Recommendation, and any dismissal order should be mailed to the defendants.

V.

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings

or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

    The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).


                                     /s/ Terence P. Kemp  
                                      United States Magistrate Judge